Filed 9/26/24  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099567 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE018911) |
| v. | |
| DEMONTE LAVASE SMITH, | |
| Defendant and Appellant. | |

A jury found defendant Demonte Lavase Smith guilty of second degree murder and found true three firearm use allegations, as well as two aggravating circumstance allegations.  The trial court sentenced defendant to 40 years to life in state prison, including a term of 25 years to life for the firearm enhancement.  Defendant contends the trial court abused its discretion by declining to strike the firearm enhancement or impose a lesser enhancement instead.  The People respond that defendant forfeited this issue, and in any event, the trial court did not abuse its discretion.  We conclude the trial court did not abuse its discretion.

1

The parties agree, as do we, that the abstract of judgment must be corrected. The trial court has already issued an amended abstract that corrected many of the issues, but introduced another error. Accordingly, we will order the abstract corrected and affirm the judgment.

BACKGROUND

A jury found defendant guilty of second degree murder and found true allegations that, while committing the offense defendant: (1) intentionally and personally discharged a firearm causing great bodily injury or death; (2) personally discharged a firearm; and (3) personally used a firearm. The jury also found true allegations that the crime involved great violence, great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness and that defendant had been armed with or used a weapon when committing the crime.

At sentencing, defendant asked the trial court to strike the enhancements based on his use of a firearm or to at least strike the two longer enhancements and impose the shorter enhancement. The People asked the court to impose the longest firearm enhancement, 25 years to life in prison, pursuant to Penal Code section 12022.53, subdivision (d).[1] The trial court determined that dismissal of the longest enhancement would endanger public safety and declined to exercise its discretion to dismiss any enhancements or to impose a shorter enhancement instead. Accordingly, the court sentenced defendant to 15 years to life in prison for murder plus 25 years to life in prison for the section 12022.53, subdivision (d) firearm enhancement.

Defendant timely appealed.

---

[1]     Undesignated section references are to the Penal Code.

2

DISCUSSION

I

*Discretion to Strike Firearm Enhancement*

Defendant contends the trial court abused its discretion by declining his request to either strike all the applicable firearm enhancements or to strike the longer enhancements and impose only the shortest enhancement pursuant to section 12022.53, subdivision (b). The People argue defendant forfeited the issue and, in any event, the court did not abuse its discretion. We conclude defendant did not forfeit the issue, but we find no abuse of discretion.

A.      *Legal Background*

When a jury finds multiple section 12022.53 allegations true, the sentencing court generally may impose only one sentence enhancement and "must impose the 'enhancement that provides the longest term of imprisonment.' " (*People v. Tirado* (2022) 12 Cal.5th 688, 695; § 12022.53, subd. (f).) In 2017, however, the Legislature amended section 12022.53, subdivision (h) to create an exception: "a 'court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section.' " (*Tirado, supra*, at p. 696.)

Section 1385, subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." Subdivision (c)(2) of section 1385 guides courts in exercising their discretion under subdivision (c) by, among other things, instructing courts that the presence of certain enumerated mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The statute further specifies: " 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

B.  *Forfeiture*

As an initial matter, we reject the People's argument that defendant forfeited this issue.  "An objection is sufficient if it fairly apprises the trial court of the issue it is being called upon to decide.  [Citations.]  In a criminal case, the objection will be deemed preserved if, despite inadequate phrasing, the record shows that the court understood the issue presented."  (*People v. Scott* (1978) 21 Cal.3d 284, 290; accord *People v. Smith* (2003) 31 Cal.4th 1207, 1214-1215; Appeals and Writs in Criminal Cases (Cont.Ed.Bar 2024) § 4.33.)

While defense counsel did not identify the specific sections of the Penal Code that gave the trial court the authority to strike the firearm enhancements, the trial court nevertheless understood the basis for defendant's request.  The court referenced the appropriate standard in section 1385, subdivision (c)(2), finding that dismissal of the section 12022.53, subdivision (d) enhancement would endanger public safety.  This indicates the court understood it was exercising discretion granted by section 12022.53, subdivision (h), which in turn invokes section 1385, which delineates the court's discretion to dismiss enhancements.  Accordingly, defendant did not forfeit the issue.

C.  *Abuse of Discretion*

On the merits, defendant contends the trial court abused its discretion by sentencing him to 15 years to life in prison for second degree murder, plus 25 years to life, pursuant to section 12022.53, subdivision (d), for personally and intentionally discharging a firearm, proximately causing the victim's death.  We review the trial court's determination not to strike the firearm enhancement for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)  This means we will affirm as long as the court exercised its sentencing discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  " ' "[T]he burden is on the party

4

attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) The trial court's " ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Id*. at p. 377.) In other words, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid*.)

Here, the trial court considered all the relevant information and made a reasonable decision not to strike the firearm enhancement. The court considered: statements made in court and in writing both in support of defendant and from the victim's family; the general objectives of sentencing set forth in California Rules of Court, rule 4.410; defendant's criminal history; defendant's childhood trauma, which the court gave great weight; the nature of the offense; and the jury's aggravating circumstance findings. The court also gave great weight to the "mitigating factors observed by [the] probation [officer]," which referred to the fact that imposing the enhancement would result in a sentence of more than 20 years, and the fact that the People alleged multiple enhancements. (See Cal. Rules of Court, rule 4.423(b)(10)-(11); § 1385, subd. (c)(2)(B)-(C).) After weighing these considerations, the court imposed the section 12022.53, subdivision (d) enhancement, "given the very serious and violent conduct in this case that resulted in the death of" the victim. The court also found that dismissing this enhancement would endanger public safety. Given the court's careful and thorough consideration, we conclude the court exercised its discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is

5

based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval, supra*, 41 Cal.4th at p. 847.)

Defendant contends the trial court could have struck a more "reasonable balance" and the sentence is "unduly harsh," but such disagreements do not establish an abuse of discretion. Defendant also faults the court for not giving great weight to certain mitigating factors. This argument fails for two reasons: (1) the trial court did in fact give great weight to the defendant's childhood trauma, the fact that imposing the enhancement would result in a sentence of more than 20 years, and the fact that the People alleged multiple enhancements; and (2) the trial court did not need to give great weight to these mitigating factors because the court found that dismissing the enhancement would endanger public safety. (§ 1385, subd. (c)(2) ["Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety"].) Finally, defendant contends the court misunderstood its discretion because it did not specifically address the lesser enhancements in section 12022.53, subdivisions (b) and (c). The trial court had no need to address those enhancements once it decided to impose the section 12022.53 subdivision (d) enhancement because the statute does not permit the imposition of more than "one additional term of imprisonment . . . for each crime." (§ 12022.53, subd. (f).) In short, none of defendant's arguments establish an abuse of discretion in declining to strike the firearm enhancement.

## II

### *Abstract of Judgment*

The parties agree that errors in the abstract of judgment must be corrected, and the trial court corrected those errors during the pendency of this appeal. Unfortunately, as defendant notes in his reply brief, the court introduced a new error into the amended abstract of judgment, indicating in section 8 of Judicial Council form CR-292 that defendant was sentenced pursuant to section 667, subdivisions (b)-(i) or section 1170.12.

6

This is incorrect.  Accordingly, we will order the trial court to prepare another amended abstract correcting this error.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the amended abstract of judgment as indicated in this opinion and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

_____\\s\\_____,
Krause, J.

We concur:

_____\\s\\_____,
Duarte, Acting P. J.

_____\\s\\_____,
Mesiwala, J.